IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-301

 No. COA20-561

 Filed 6 July 2021

 Mecklenburg County, No. 18-CVS-23026

 JACOB SAMUEL MCELHANEY AND JULIA ELIZABETH MCELHANEY, as
 beneficiaries of the Jane Richardson McElhaney Revocable Trust and the Samuel
 Clinton McElhaney Revocable Trust, Plaintiffs,

 v.

 ORSBON & FENNINGER, LLP, and R. ANTHONY ORSBON, Defendants.

 Appeal by Defendants from order entered 3 March 2020 by Judge Donnie

 Hoover in Mecklenburg County Superior Court. Heard in the Court of Appeals

 24 March 2021.

 Shumaker Loop & Kendrick, L.L.P., by Stephanie C. Daniel and Lucas D.
 Garber, for Plaintiffs-Appellees.

 Brooks Pierce McClendon Humphrey & Leonard, L.L.P., by Gary S. Parsons
 and Kimberly M. Marston, for Defendants-Appellants.

 COLLINS, Judge.

¶1 Anthony Orsbon and his law firm, Orsbon & Fenninger, LLP, (collectively,

 “Defendants”) appeal from an order denying their motion for summary judgment on

 certain defenses and granting Plaintiffs’ motion for partial summary judgment.

 Defendants argue that the trial court erred by denying their motion for summary

 judgment as to the defenses of collateral estoppel and election of remedies and
 MCELHANEY V. ORSBON & FENNINGER, LLP

 2021-NCCOA-301

 Opinion of the Court

 granting Plaintiffs summary judgment on those defenses. Because Defendants have

 not shown sufficient grounds for immediate appellate review of the trial court’s

 interlocutory order as to the election of remedies defense, we deny Defendants’

 petition for writ of certiorari and dismiss Defendants’ arguments concerning that

 defense. Because Defendants cannot show that each element of collateral estoppel is

 satisfied, we affirm the trial court’s order as to that defense.

 I. Procedural History

¶2 The present action follows a declaratory judgment action (“Declaratory

 Action”) brought by Wells Fargo Bank, N.A., as trustee of the Jane Richardson

 McElhaney Revocable Trust (“Wells Fargo as Jane’s Trustee”), and a claim for

 reformation of that trust (“Reformation Claim”) brought by Jacob and Julia

 McElhaney. On 7 December 2018, the Mecklenburg County Superior Court

 announced its ruling from the bench on a motion for summary judgment and

 judgment on the pleadings in those actions.

¶3 The same day, Jacob and Julia McElhaney (together, “Plaintiffs”) brought this

 action against Defendants alleging negligence, legal malpractice, and breach of

 contract. Simultaneously, Wells Fargo as Jane’s Trustee, along with Wells Fargo

 Bank, N.A., as trustee of the Samuel Clinton McElhaney Revocable Trust, and Wells

 Fargo Bank, N.A., as executor of the Jane Richardson McElhaney Estate (together,

 “Wells Fargo”) brought an action against Defendants alleging negligence and legal
 MCELHANEY V. ORSBON & FENNINGER, LLP

 2021-NCCOA-301

 Opinion of the Court

 malpractice arising from the same set of facts. Upon consent motions in both cases,

 the trial court consolidated the actions for the purposes of discovery. With leave of

 the trial court, Defendants filed amended answers in each action. Defendants

 asserted as defenses that each of the plaintiffs lacked standing and that collateral

 estoppel and election of remedies barred each of the plaintiffs’ claims.

¶4 Defendants moved for summary judgment in both actions on their defenses of

 collateral estoppel and election of remedies, as well as an alleged lack of damages

 from some or all of Defendants’ alleged negligent acts. Defendants also moved for

 summary judgment against Wells Fargo on the defense of lack of standing. Plaintiffs

 moved for partial summary judgment on standing, collateral estoppel, and election of

 remedies.

¶5 In a consolidated order (“Order on Appeal”), the trial court granted the motions

 for partial summary judgment by Plaintiffs and Wells Fargo and denied Defendants’

 motions. Defendants timely appealed.

 II. Factual Background

 A. The Estate Planning Documents

¶6 In May 1996, both Samuel and Jane McElhaney established revocable trusts,

 Samuel’s Trust and Jane’s Trust, respectively. In the fall of 2010, attorney Anthony

 Orsbon (“Orsbon”) assisted Samuel and Jane in amending these trusts and preparing

 other estate planning documents. On 12 October 2010, Samuel and Jane executed
 MCELHANEY V. ORSBON & FENNINGER, LLP

 2021-NCCOA-301

 Opinion of the Court

 separate trust agreements amending and restating their trusts. As amended, both

 provided that the trust of the first spouse to die would be divided into a marital share

 and a family share, each share to be administered as a trust. During the surviving

 spouse’s lifetime, he or she would be entitled to certain distributions from both the

 marital trust and the family trust.

¶7 Upon the surviving spouse’s death, the surviving spouse’s entire trust would

 be allocated to the family share which, along with any remains of the marital share,

 would be distributed to an identified set of beneficiaries (“Specific Beneficiaries”).

 Following amendments in 2011, Samuel’s and Jane’s Trusts each provided for

 identical bequests to identical lists of Specific Beneficiaries, comprised of relatives

 and private organizations.

¶8 Each Specific Beneficiary would receive both the bequest provided in Samuel’s

 Trust and the bequest provided in Jane’s Trust. The surviving spouse held a limited

 power of appointment “at any time and from time to time by and through [his or her]

 Last Will and Testament to reduce or decrease any or all bequest amounts

 bequeathed to” the Specific Beneficiaries.

¶9 After disbursement to the Specific Beneficiaries, any remainder would be held

 by the trustee “for the benefit of [Samuel and Jane’s] grandchildren who are living at

 the Division Date.” Plaintiffs are the children of Samuel and Jane’s one son, Scott

 McElhaney. Following Scott McElhaney’s death in 2010, Plaintiffs were the sole
 MCELHANEY V. ORSBON & FENNINGER, LLP

 2021-NCCOA-301

 Opinion of the Court

 living descendants of Samuel and Jane. After Samuel died in August 2015, Jane

 consulted Orsbon concerning her estate planning documents. In October 2015,

 Orsbon provided drafts of updated estate documents to Jane’s Wells Fargo financial

 advisor, Linda Montgomery. In November, Montgomery had discussions with Orsbon

 concerning changes Jane desired to make to the draft documents.

¶ 10 On 8 December 2015, Jane executed a new Last Will and Testament (“Jane’s

 Will”) and an Amended and Restated Trust Agreement modifying her Trust. Jane’s

 Will disposed of certain personal property and otherwise left the remainder of her

 estate to her Trust via a pour-over clause. Jane’s Trust, as amended in 2015, stated

 that “[t]he Family Share shall be administered as a Family Trust” with a changed

 list of specific bequests. The amendment eliminated certain Specific Beneficiaries,

 reduced bequests to others, and added one new Specific Beneficiary. The remainder

 of Jane’s Trust after payment to the Specific Beneficiaries was to be divided in equal

 shares and held in trust for Jane’s grandchildren or, if applicable, the issue of her

 deceased grandchildren. Jane died on 21 April 2017.

 B. The Declaratory Action and Reformation Claim

¶ 11 On 3 October 2017, Wells Fargo as Jane’s Trustee instituted the Declaratory

 Action in Mecklenburg County Superior Court. Its petition for declaratory judgment

 included the following allegations:

 22. Specifically, as [Jane’s] Trust does not provide
 MCELHANEY V. ORSBON & FENNINGER, LLP

 2021-NCCOA-301

 Opinion of the Court

 for the creation and disposition of a Family Share or
 Family Trust, the reference to the Family Trust contained
 in [Jane’s] Trust creates a latent ambiguity as to whether
 by making such reference Jane intended to exercise her
 testamentary limited power of appointment over the
 Family Trust created under Samuel’s Revocable Trust.

 23. [Jane’s] Trust does not reference the
 testamentary limited power of appointment granted to
 Jane. Even if it did, the power of appointment granted to
 Jane was limited to the power to “reduce or decrease” the
 bequest of the specific beneficiaries named in Samuel’s
 Trust, and the provision in [Jane’s] Trust adds a
 beneficiary, Ellen McElhaney, which is not authorized by
 the testamentary limited power of appointment granted to
 Jane . . . .

 24. [Jane’s] Will does not reference the testamentary
 limited power of appointment granted to Jane in the
 Family Trust or any attempt to exercise such power of
 appointment.

 ....

 35. The Trustee is not aware of any evidence that
 would be admissible to clarify Jane’s intent in using the
 term “Family Share” and/or “Family Trust” in [Jane’s]
 Trust.

¶ 12 Wells Fargo as Jane’s Trustee requested the trial court to:

 1. Declare that [Jane’s] Will did not exercise Jane’s
 testamentary limited power of appointment over the
 Family Trust.

 2. Absent the admissibility of evidence to clarify the
 latent ambiguity in [Jane’s] Trust sufficient to find that
 Jane exercised her testamentary limited power of
 appointment over the Family Trust, declare that [Jane’s]
 Trust does not exercise Jane’s testamentary limited power
 MCELHANEY V. ORSBON & FENNINGER, LLP

 2021-NCCOA-301

 Opinion of the Court

 of appointment over the Family Trust[.]

 3. Absent the admissibility of evidence to clarify the
 latent ambiguity in [Jane’s] Trust sufficient to find that
 Jane exercised her testamentary limited power of
 appointment over the Family Trust, declare that the
 Trustee shall distribute the property of the Family Trust
 as set forth in . . . Samuel’s Revocable Trust.

 4. Absent the admissibility of evidence to clarify the
 latent ambiguity in [Jane’s] Trust sufficient to find that
 Jane exercised her testamentary limited power of
 appointment over the Family Trust, declare that the
 references to Family Share and Family Trust in [Jane’s]
 Trust refer to all of the property of [Jane’s] Trust and that
 the Trustee shall distribute the property of [Jane’s] Trust
 pursuant to the provisions of . . . the Trust.

¶ 13 On 19 March 2018, Plaintiffs filed a response to the petition for declaratory

 judgment and asserted their Reformation Claim against Wells Fargo as Jane’s

 Trustee and the Specific Beneficiaries. Plaintiffs alleged that

 [Jane’s] Trust’s express references to “The Family Share”
 and “Family Trust” created under Samuel’s Revocable
 Trust, the substantial identity in beneficiaries between
 [Jane’s] Trust and Samuel’s Revocable trust, and [Jane’s]
 Trust’s reduction of the specific bequests set forth in
 Samuel’s Revocable Trust each are indicative of Jane’s
 desire and intent to exercise the testamentary limited
 power of appointment granted to her under Samuel’s
 Revocable Trust.

 Plaintiffs contended that additional extrinsic evidence “further reveals that Jane

 intended, through execution of her Will and the Trust, to exercise the testamentary

 limited power of appointment granted to her under Samuel’s Revocable Trust.”
 MCELHANEY V. ORSBON & FENNINGER, LLP

 2021-NCCOA-301

 Opinion of the Court

¶ 14 Plaintiffs sought reformation of Jane’s Trust under N.C. Gen. Stat.

 § 36C-4-415 on the ground that it “fail[ed] to include language clearly expressing

 Jane’s intent to exercise the testamentary limited power of appointment granted to

 her under Samuel’s Revocable Trust.” They prayed the court to eliminate the

 bequests to Specific Beneficiaries in Jane’s Trust as contrary to Jane’s intent.

¶ 15 Several of the Specific Beneficiaries moved for summary judgment and, in the

 alternative, judgment on the pleadings, arguing that reformation was not available

 as a matter of law. Plaintiffs filed a brief and multiple affidavits in opposition. On

 7 December 2018, the trial court orally announced its ruling:

 I did read everything because I wanted to make sure
 that in addition to the arguments that I went back and
 reviewed everything in context of your arguments. . . . I
 read the depositions, read the affidavits, read the
 arguments and reformation and extrinsic evidence.

 ....

 [I]n reviewing everything that was provided to me
 regarding Jane’s [T]rust and the issue of power of
 appointment and whether it was exercised. . . . I have to
 find that I don’t see any issues of material fact in this case
 as relates to what her intentions were at the time of the
 execution.

 So as to the petition for declaratory judgment, I’m
 finding that Jane did not exercise her testamentary limited
 . . . power of appointment in either her will or her trust and
 that the claim for reformation will not be available based
 on the evidence of her intent at the time of execution. So
 again, as to the motion for summary judgment, I cannot
 find there are any genuine issues of material fact . . . .
 MCELHANEY V. ORSBON & FENNINGER, LLP

 2021-NCCOA-301

 Opinion of the Court

 I will also grant the motion for judgment on the
 pleadings after reviewing the pleadings in the file in this
 case, and that will be my order.

¶ 16 The trial court entered a written order (“Underlying Order”) on 20 December

 2018 stating as follows:

 After review of the matters of record including, without
 limitation, the pleadings, including the Petition, the
 Counterclaim, the Crossclaim, the Answers, and the
 exhibits referenced therein, the parties’ submissions to the
 Court and materials filed in support of and in opposition to
 [the Specific Beneficiary] Movants’ Motions, including
 sworn deposition testimony, and having the benefit of legal
 briefs and oral argument by counsel for the parties, the
 Court finds and determines that there exists no genuine
 issue as to any material fact and that Movants are entitled
 to Judgment as a matter of law on all claims and causes of
 action asserted in this action, except the Movants’ Motion
 for attorneys’ fees and costs . . . .

 The trial court granted the Specific Beneficiary Movants’ motion for summary

 judgment and, in the alternative, granted their motion for judgment on the pleadings.

 As to the petition for declaratory judgment, the trial court declared that Wells Fargo

 Bank, N.A., shall distribute the property in Samuel’s Trust and Jane’s Trust as

 written in the trust instruments. Finally, the trial court dismissed the Reformation

 Claim with prejudice. Plaintiffs timely appealed to this Court, but withdrew their

 appeal after the parties entered into a confidential settlement agreement.

 C. The Negligence and Malpractice Actions

¶ 17 On 7 December 2018, shortly after the trial court orally announced its decision
 MCELHANEY V. ORSBON & FENNINGER, LLP

 2021-NCCOA-301

 Opinion of the Court

 in the Declaratory Action and Reformation Claim, Plaintiffs and Wells Fargo filed

 their respective actions for negligence and legal malpractice. The trial court granted

 summary judgment in favor of Plaintiffs and Wells Fargo on the defenses of lack of

 standing, collateral estoppel, equitable estoppel, laches, and election of remedies, and

 against Defendants with respect to their defenses of collateral estoppel, election of

 remedies, standing, and the alleged lack of damages due to some or all of Defendants’

 alleged negligent acts. Defendants appealed.

 III. Appellate Jurisdiction

¶ 18 We first address whether Defendants’ appeal is properly before this Court. The

 Order on Appeal is interlocutory because it does not “dispose[] of the cause as to all

 the parties, leaving nothing to be judicially determined between them in the trial

 court.” See Veazey v. City of Durham, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950).

 There is generally no right to immediate appeal of an interlocutory order. Goldston

 v. Am. Motors Corp., 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). The purpose of

 this rule is to “prevent fragmentary, premature and unnecessary appeals by

 permitting the trial court to bring the case to final judgment before it is presented to

 the appellate courts.” Fraser v. Di Santi, 75 N.C. App. 654, 655, 331 S.E.2d 217, 218

 (1985) (citation omitted). A party may immediately appeal an interlocutory order,

 however, if the order “affects a substantial right claimed in any action or

 proceeding[.]” N.C. Gen. Stat § 1-277(a) (2021).
 MCELHANEY V. ORSBON & FENNINGER, LLP

 2021-NCCOA-301

 Opinion of the Court

¶ 19 Defendants contend that the Order on Appeal is immediately appealable to the

 extent that its denial of their motion for summary judgment on the defense of

 collateral estoppel affects a substantial right. “The doctrine [of collateral estoppel] is

 designed to prevent repetitious lawsuits, and parties have a substantial right to avoid

 litigating issues that have already been determined by a final judgment.” Turner v.

 Hammocks Beach Corp., 363 N.C. 555, 558, 681 S.E.2d 770, 773 (2009). Thus, “[i]t is

 well established that the denial of a motion for summary judgment ‘affects a

 substantial right when the motion . . . makes a colorable assertion that [a] claim is

 barred under the doctrine of collateral estoppel.’” Gray v. Fannie Mae, 264 N.C. App.

 642, 645, 830 S.E.2d 652, 655-56 (2019) (quoting Turner, 363 N.C. at 558, 681 S.E.2d

 at 773); see also Fox v. Johnson, 243 N.C. App. 274, 281, 777 S.E.2d 314, 321 (2015)

 (holding that appellants made a colorable assertion of collateral estoppel by including

 the defense in their answer and as a basis for their motion for judgment on the

 pleadings); Hillsboro Partners, LLC v. City of Fayetteville, 226 N.C. App. 30, 35, 738

 S.E.2d 819, 823 (2013) (concluding that appellant made a colorable assertion of

 collateral estoppel because the prior and instant lawsuits both arose from the same

 building demolition).

¶ 20 In this case, before the trial court, Defendants moved for summary judgment

 based on collateral estoppel. Defendants thoroughly briefed and argued each element

 of collateral estoppel and referenced numerous citations to caselaw and the
 MCELHANEY V. ORSBON & FENNINGER, LLP

 2021-NCCOA-301

 Opinion of the Court

 evidentiary record. We conclude that Defendants have made a colorable assertion of

 collateral estoppel and the Order on Appeal may affect their “substantial right to

 avoid litigating issues that have already been determined by a final judgment.” See

 Turner, 363 N.C. at 558, 681 S.E.2d at 773. Accordingly, we will review the Order on

 Appeal’s denial of the defense of collateral estoppel.

¶ 21 Defendants aptly concede that no precedent holds that the denial of summary

 judgment on the defense of election of remedies affects a substantial right. Indeed,

 “[t]he avoidance of one trial is not ordinarily a substantial right.” Green v. Duke

 Power Co., 305 N.C. 603, 608, 290 S.E.2d 593, 596 (1982). As such, Defendants have

 petitioned for a writ of certiorari requesting this Court to review the Order on Appeal

 as to their defense of election of remedies.

¶ 22 This Court may issue the writ of certiorari “in appropriate circumstances . . .

 to permit review of . . . orders of trial tribunals when . . . no right of appeal from an

 interlocutory order exists . . . .” N.C. R. App. P. 21(a). We assess petitions seeking

 review of interlocutory orders in light of our “general policy against the piecemeal

 review of” such orders. See Harbor Point Homeowners’ Ass’n ex rel. Bd. of Directors

 v. DJF Enterprises, Inc., 206 N.C. App. 152, 165, 697 S.E.2d 439, 448 (2010). We have

 emphasized that “the routine allowance of interlocutory appeals would have a

 tendency to delay, rather than advance, the ultimate resolution of matters in

 litigation.” Newcomb v. Cnty. of Carteret, 207 N.C. App. 527, 554, 701 S.E.2d 325,
 MCELHANEY V. ORSBON & FENNINGER, LLP

 2021-NCCOA-301

 Opinion of the Court

 344 (2010).

¶ 23 Defendants argue that this Court should grant certiorari because (1) the issue

 of election of remedies “arises from substantially the same facts as the collateral

 estoppel issue; (2) the issue could be equally dispositive; (3) the issue is ripe; and (4) it

 would promote judicial economy by eliminating the need for a later appeal on this

 issue.” These arguments are unavailing because “similar considerations would

 support the issuance of a writ of certiorari in virtually any case in which a trial court

 refuses to grant summary judgment” on one out of several affirmative defenses. See

 id. at 553, 701 S.E.2d at 344. Additionally, as Plaintiffs argue, a decision by this

 Court on the merits of the issue would not necessarily dispose of all claims as to all

 parties. Accordingly, in our discretion, we deny Defendants’ petition for a writ of

 certiorari and decline to review the merits of their arguments concerning the defense

 of election of remedies.

 IV. Discussion

¶ 24 Defendants argue that the trial court erred by denying their motion for

 summary judgment on the defense of collateral estoppel and granting Plaintiffs’

 motion as to that defense. Summary judgment is proper where “the pleadings,

 depositions, answers to interrogatories, and admissions on file, together with the

 affidavits, if any, show that there is no genuine issue as to any material fact and that

 any party is entitled to a judgment as a matter of law.” N.C. Gen. Stat. § 1A-1, Rule
 MCELHANEY V. ORSBON & FENNINGER, LLP

 2021-NCCOA-301

 Opinion of the Court

 56(c) (2020). “The standard of review for summary judgment is de novo.” Forbis v.

 Neal, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007) (citation omitted).

¶ 25 “Under the collateral estoppel doctrine, parties and parties in privity with

 them are precluded from retrying fully litigated issues that were decided in any prior

 determination and were necessary to the prior determination.” Turner, 363 N.C. at

 558, 681 S.E.2d at 773 (alteration, citation, and quotation marks omitted). “The

 issues resolved in the prior action may be either factual issues or legal issues.” Doyle

 v. Doyle, 176 N.C. App. 547, 549, 626 S.E.2d 845, 848 (2006). The party alleging

 collateral estoppel must demonstrate

 that the earlier suit resulted in a final judgment on the
 merits, that the issue in question was identical to an issue
 actually litigated and necessary to the judgment, and that
 both the party asserting collateral estoppel and the party
 against whom collateral estoppel is asserted were either
 parties to the earlier suit or were in privity with parties.

 State ex rel. Tucker v. Frinzi, 344 N.C. 411, 414, 474 S.E.2d 127, 128-29 (1996)

 (emphasis added) (brackets, quotation marks, and citation omitted). For issues to be

 considered “identical” to ones “actually litigated and necessary” to a previous

 judgment:

 (1) the issues must be the same as those involved in the
 prior action, (2) the issues must have been raised and
 actually litigated in the prior action, (3) the issues must
 have been material and relevant to the disposition of the
 prior action, and (4) the determination of the issues in the
 prior action must have been necessary and essential to the
 MCELHANEY V. ORSBON & FENNINGER, LLP

 2021-NCCOA-301

 Opinion of the Court

 resulting judgment.

 State v. Summers, 351 N.C. 620, 623, 528 S.E.2d 17, 20 (2000) (citation omitted). “The

 burden is on the party asserting [collateral estoppel] to show with clarity and

 certainty what was determined by the prior judgment.” Miller Bldg. Corp. v. NBBJ

 N.C., Inc., 129 N.C. App. 97, 100, 497 S.E.2d 433, 435 (1998) (internal quotation

 marks and citation omitted); accord Powers v. Tatum, 196 N.C. App. 639, 642, 676

 S.E.2d 89, 92 (2009).

¶ 26 Defendants argue that the instant malpractice and negligence suits present

 the identical issue as the Declaratory Action and Reformation Claim: whether Jane

 intended to exercise her limited power of appointment. Defendants contend that this

 issue was actually litigated and that in the course of deciding the motions for

 summary judgment and judgment on the pleadings in the Declaratory Action and

 Reformation Claim, the trial court actually and necessarily determined that Jane did

 not intend to exercise her limited power of appointment. Plaintiffs respond that

 (1) the previous and instant actions present different issues, (2) the trial court did not

 actually decide the issue of Jane’s intent in the previous actions, (3) any

 determination of Jane’s intent was not necessary to the Order on Appeal, and (4) the

 previous and instant actions involve different facts.

¶ 27 Plaintiffs did raise the issue of Jane’s intent in the Declaratory Action.

 Specifically, they argued that a material issue of Jane’s intent precluded entry of
 MCELHANEY V. ORSBON & FENNINGER, LLP

 2021-NCCOA-301

 Opinion of the Court

 summary judgment as to the petition for declaratory judgment. They contended that

 the issue was material to whether Jane had successfully exercised her power of

 appointment by substantially complying with the terms set out in Samuel’s Trust, as

 required by N.C. Gen. Stat. § 31D-3-304.

¶ 28 Plaintiffs also raised the issue of Jane’s intent while pursuing their

 Reformation Claim, which sought “to correct a mistake that occurred as the result of

 a scrivener’s error which caused [Jane’s Trust] to fail to conform the terms of trust to

 [Jane’s] intent.” Plaintiffs and the Specific Beneficiaries extensively litigated the

 issue of Jane’s intent prior to entry of the Underlying Order. Nonetheless,

 Defendants cannot meet their burden of showing “with clarity and certainty” that the

 issue of Jane’s intent was actually and necessarily determined by the Underlying

 Order. See Miller Bldg. Corp., 129 N.C. App. at 100, 497 S.E.2d at 435.

¶ 29 When the trial court orally announced its ruling, it stated in pertinent part

 that

 in reviewing everything that was provided to me regarding
 Jane’s [T]rust and the issue of power of appointment and
 whether it was exercised . . . . I have to find that I don’t see
 any issues of material fact in this case as relates to what her
 intentions were at the time of the execution.

 So as to the petition for declaratory judgment, I’m
 finding that Jane did not exercise her testamentary limited
 . . . power of appointment in either her will or her trust and
 that the claim for reformation will not be available based
 on the evidence of her intent at the time of execution. So
 MCELHANEY V. ORSBON & FENNINGER, LLP

 2021-NCCOA-301

 Opinion of the Court

 again, as to the motion for summary judgment, I cannot
 find there are any genuine issues of material fact . . . .
 (emphasis added).

 The written Underlying Order stated in pertinent part that

 there exists no genuine issue as to any material fact and
 that [the Specific Beneficiary] Movants are entitled to
 judgment as a matter of law on all claims and causes of
 action asserted in this action, except the Movants’ Motion
 for attorneys’ fees and costs . . . .

¶ 30 The Underlying Order granted the moving Specific Beneficiaries’ motion for

 summary judgment and, in the alternative, the motion for judgment on the

 pleadings.1 While the “slightest doubt” as to a material fact entitles a party opposing

 summary judgment to trial, Adventure Travel World, Ltd. v. Gen. Motors Corp., 107

 N.C. App. 573, 577, 421 S.E.2d 173, 176 (1992) (citation omitted), a dispute as to an

 immaterial fact will not preclude summary judgment, Capps v. City of Raleigh, 35

 N.C. App. 290, 293, 241 S.E.2d 527, 529 (1978). Likewise, “[j]udgment on the

 pleadings is proper when ‘the movant clearly establishes that no material issue of

 1 We note that where “matters outside the pleadings are presented to and not excluded

 by the court,” a motion seeking judgment on the pleadings must be treated as a motion for
 summary judgment. See N.C. Gen. Stat. § 1A-1, Rule 12(c) (2018). Because the trial court
 explicitly stated that it considered matters outside the pleadings, it was improper to grant
 judgment on the pleadings in the alternative. See Battle v. Clanton, 27 N.C. App. 616, 618,
 220 S.E.2d 97, 98 (1975) (holding that judgment on the pleadings was inappropriate where
 “matters outside the pleadings were presented to and considered by the court”). Even so, the
 Underlying Order’s grant of judgment on the pleadings in the alternative illuminates the
 possible bases of the trial court’s dismissal of the Reformation Claim.
 MCELHANEY V. ORSBON & FENNINGER, LLP

 2021-NCCOA-301

 Opinion of the Court

 fact remains to be resolved and that he is entitled to judgment as a matter of law.’”

 Shearin v. Brown, 2021-NCCOA-4, ¶ 11 (quoting Samost v. Duke Univ., 226 N.C. App.

 514, 518, 742 S.E.2d 257, 260 (2013)). The petition for declaratory judgment and the

 counterclaim and crossclaim for reformation took inconsistent positions on the issue

 of Jane’s intent. Prior to entry of the Underlying Order, the parties submitted plainly

 conflicting evidence on this issue to the trial court.2

¶ 31 The trial court may have determined the issue of Jane’s intent by concluding

 that it was required to disregard some of the conflicting evidence of Jane’s intent as

 a matter of law. But it is also possible that the trial court merely determined that

 the conflicting evidence of Jane’s intent was immaterial as a matter of law.

 Specifically, the trial court could have resolved the Declaratory Action by determining

 that Jane had not substantially complied with the requirements on her limited power

 of appointment, regardless of her intent. See N.C. Gen. Stat. § 31D-3-304 (2015).

 Section 31D-3-304 provides that

 [a] power holder’s substantial compliance with a formal
 requirement of appointment imposed by the donor . . . is
 sufficient if both of the following apply:

 (1) The power holder knows of and intends to

 2 This evidence included, inter alia, Orsbon’s deposition testimony denying that Jane

 intended to exercise the limited power of appointment or directed him to draft her estate
 documents to do so, Linda Montgomery’s deposition testimony that Jane did intend to
 exercise the limited power of appointment, and affidavits from various witnesses attesting
 that Orsbon had acknowledged Jane’s intent to exercise the limited power of appointment
 during a “family meeting” concerning trust administration.
 MCELHANEY V. ORSBON & FENNINGER, LLP

 2021-NCCOA-301

 Opinion of the Court

 exercise the power.

 (2) The power holder’s manner of attempted exercise
 of the power does not impair a material purpose of the
 donor in imposing the requirement.

 Id. The Underlying Order could be based on a determination under section 31D-3-304

 that Jane’s “manner of attempted exercise . . . impair[ed] a material purpose” of the

 restrictions in Samuel’s Trust, and Defendants cannot show that Jane’s intent was

 material to, and therefore actually and necessarily determined in, the Declaratory

 Action.

¶ 32 Nor can Defendants show that the issue of Jane’s intent was material to the

 Reformation Claim, and therefore actually and necessarily determined. The trial

 court’s oral announcement could be understood as stating that reformation was

 unavailable because there was no genuine issue that Jane did not intend to exercise

 the power of appointment. But a closer examination of the Record and Underlying

 Order demonstrates that, as Plaintiffs argue, the trial court likely determined that

 Jane’s intent was immaterial to the Reformation Claim. Plaintiffs did not cite any

 precedent supporting the proposition that a court may reform a trust under

 § 36C-4-415 based on the settlor’s intent to exercise a power of appointment that by

 its terms could only be exercised in the power holder’s will. The moving Specific

 Beneficiaries underscored this issue and argued that “the relief [Plaintiffs] seek far

 exceeds the scope of permissible reformations under North Carolina Law.” On these
 MCELHANEY V. ORSBON & FENNINGER, LLP

 2021-NCCOA-301

 Opinion of the Court

 facts, Defendants cannot show with clarity and certainty that the issue of Jane’s

 intent was actually and necessarily determined in the Declaratory Action or

 Reformation Claim.3 Accordingly, collateral estoppel does not bar Plaintiffs’ claims.

 See Frinzi, 344 N.C. at 414, 474 S.E.2d at 128-29. The trial court did not err in

 denying Defendants’ motion for summary judgment and granting Plaintiffs’ motion

 for partial summary judgment on the defense of collateral estoppel.

 V. Conclusion

¶ 33 We deny Defendants’ petition for a writ of certiorari to review the Order on

 Appeal as to the defense of election of remedies. Because Defendants cannot show

 that each element of the affirmative defense of collateral estoppel is satisfied, the

 trial court did not err in denying their motion for summary judgment and granting

 Plaintiffs’ motion for partial summary judgment as to that defense.

 AFFIRMED.

 Judges ZACHARY and HAMPSON concur.

 3 We therefore need not reach Plaintiffs’ additional arguments that collateral estoppel

 cannot apply here.